**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:    Nadine Hanson v. The State of Texas

Appellate case number:    01-17-00810-CR

Trial court case number:    230106

Trial court:    Co Ct at Law No 2 & Probate Ct of Brazoria County

Appellant Nadine Hanson pleaded guilty to the misdemeanor offense of criminal trespass. The plea contained in the record does not reveal an agreed recommendation from the State regarding sentencing. Although the admonishments mention a plea bargain, no plea bargain appears in the record. Furthermore. the trial court's judgment of conviction indicates that appellant pleaded guilty and punishment was assessed based on evidence.  The judgment does not indicate that there was a plea bargain with a recommended sentence or cap on punishment from the State. If there was no plea bargain, the trial court's certification of defendant's right to appeal, finding that this was a plea-bargain case, is not correct.  However, if there was a plea bargain and this plea bargain was not included in the record, then the trial court's certification is correct.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. If the trial court clerk inadvertently omitted the defendant's plea bargain with the State, a supplemental clerk's record shall be filed **on or before February 1, 2018**, including the plea bargain document.

If, on the other hand, there was no plea bargain, then the trial court shall conduct a hearing **within 20 days of the date of this order** at which a representative of the Brazoria County District Attorney's Office. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.\*

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 35 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 35 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale

☑ Acting individually ☐ Acting for the Court

Date: January 18, 2018

---

\* On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.